# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO SPEED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV2001 HEA |
| | ) | |
| UNKNOWN NEAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff, an inmate at Jennings City Jail, for leave to commence this action without payment of the required filing fee [Doc. #2]. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is unable to pay the filing fee.[1] See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(e)

---

[1] Plaintiff states that he has been unable to obtain a copy of his prison account statement from the Jennings City Jail. Accordingly, the Court has been unable to calculate an initial partial filing fee for plaintiff at this time.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly

-2-

suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 alleging generally that the Jennings City Jail and three of its employees have violated his First Amendment right to practice his religion.

Plaintiff claims that he is Muslim and that he was denied pre-dawn meals during Ramadan. Plaintiff additionally asserts that he has not been provided with a Quran, that the Jail does not provide Muslims with an area to congregate for worship and prayer and that there are no clocks, which impedes his ability to do his daily prayers at the correct times.

Plaintiff brings his claims against defendants in their individual and official capacities. Plaintiff also brings his claims against "all Citizens of the State of Missouri and employees of the Jennings City Jail."

Plaintiff seeks monetary relief in the amount of "thirty ($30) million dollars."

## Discussion

Plaintiff's claim against Jennings City Jail is legally frivolous because it is not a suable entity. Ketchum v. City of West Memphis, Ark., 974 F.2d 81 (8th Cir. 1992) (departments or subdivisions of local governments are not juridical entities suable as such).

Similarly, plaintiff's conclusory assertion that he is bringing claims against "all Citizens of the State of Missouri and employees of the Jennings City Jail" does not state a claim under § 1983. See Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990)("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). It is for this reason, as well, that plaintiff has not stated a claim against defendant Williams, as he has failed to make any specific allegations against defendant Williams in his complaint. Id.

Plaintiff does, however, blame defendant Unknown Goad, a Jennings City Jail correctional officer for denying him halal food, or food allowed under Islamic dietary guidelines, on at least one occasion in September of 2013. The Court will order the Clerk to issue process on plaintiff's claim that Unknown Goad, in his individual capacity, interfered with his religious practices with regard to his purported dietary

-4-

restrictions. Plaintiff's claim against defendant Goad in his official capacity, however, will be dismissed.

To state a claim against a government official, such as defendant Goad, in his official capacity, plaintiff must allege that a policy or custom of the City of Jennings is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of the City of Jennings was responsible for defendant Goad's alleged failure to follow plaintiff's religious dietary restrictions. As a result, the complaint fails to state a claim upon which relief can be granted with respect to any official capacity claims against defendant Goad.

Plaintiff does not allege that defendant Unknown Neal was a direct participant in the violations of his constitutional rights. Rather, construing plaintiff's complaint liberally as this Court must do, plaintiff asserts that defendant Neal, as a Lieutenant at the Jennings City Jail, "approved and protected" the "pattern of conduct" done by the other officers.

The Court interprets plaintiff's assertions as having been brought under a failure to train theory of liability for religious discrimination, pursuant to 42 U.S.C. § 1983. The Court finds that under a liberal construction of the allegations contained in the complaint, plaintiff has stated a failure to train claim for relief under the First

Amendment against defendant Neal in his individual capacity. Therefore, the Court will order the Clerk of Court to issue process on defendant Neal in his individual capacity.

However, as noted above with respect to defendant Goad, plaintiff has not alleged facts relating to a custom or policy such that a claim against defendant Neal in his official capacity would survive § 1915 review. As such, the official capacity claim against defendant Neal will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Unknown Neal and Unknown Goad in their individual capacities.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Unknown Neal and Unknown Goad shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Unknown Williams, Unknown

Neal in his official capacity, Unknown Goad in his official capacity, the Jennings City Jail, or "all Citizens of the State of Missouri and employees of the Jennings City Jail [not otherwise specifically mentioned]" because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 6th day of December, 2013.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE